NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 19-1374

RUDIS ERNESTO GUTIERREZ-MOLINA,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

On Petition for Review of a Final Order
of the Board of Immigration Appeals
Immigration Judge:  Honorable Kuyomars Q. Golparvar
(No. A095-487-691)

Submitted Under Third Circuit L.A.R. 34.1(a)
September 25, 2019

Before: SMITH, Chief Judge, McKEE, AMBRO, Circuit Judges

(Opinion filed: September 26, 2019)

OPINION[*]

AMBRO, Circuit Judge

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Petitioner Rudis Ernesto Gutierrez-Molina seeks to defer his removal from the United States. He is a former member of the MS-13 gang who was convicted in the United States of racketeering conspiracy to commit murder. While serving his prison sentence, he converted to Christianity and renounced his gang affiliation. He does not contest his removability nor that he has committed a crime of involving moral turpitude. He seeks deferral under the Convention Against Torture ("CAT"), claiming that he will be tortured and murdered if he is removed to El Salvador. The Immigration Judge ("IJ") denied Gutierrez-Molina's application, concluding that he is not likely to be harmed if he is removed, and the BIA affirmed. He filed with us a petition for review.

## I.      Facts and Procedural History

### A. Background

Gutierrez-Molina came to the United States with his mother and father in 2002 when he was 10 years old. At approximately 14, he was recruited to join MS-13. He now has a 10-year old daughter who is an American citizen.

The Department of Homeland Security ("DHS") initially began consolidated proceedings against Gutierrez-Molina and his mother in 2002. DHS charged him with removability under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States without permission or parole. Following reopening after an *in absentia* order of removal in 2011, his mother conceded removability on his behalf. She sought for her and her son asylum, withholding of removal, and CAT protection based on the threat of abuse in El Salvador by his father.

2

In June 2016, Gutierrez-Molina, then 24, pled guilty to racketeering conspiracy to commit murder, in violation of 18 U.S.C. §§ 1962(d) and 1963. He was sentenced to 60 months in prison, where, as noted, he converted to Christianity and renounced his allegiance to MS-13.

Following his conviction, Gutierrez-Molina's proceedings were severed from his mother's and administrative closure was granted until such time as he was returned to DHS custody. It moved to re-calendar the proceedings in April 2018 and then additionally charged him with removability under 8 U.S.C. § 1182(a)(2)(A)(i)(I) as an alien convicted of a crime involving moral turpitude.

## B. Removal proceedings before the Immigration Judge

The IJ found Gutierrez-Molina to be credible but ultimately denied his application for deferral of removal under the CAT. He noted that Gutierrez-Molina has not been back to El Salvador since 2002. Though gang activity remains a problem there, along with government corruption, the IJ found significant, ongoing efforts by the El Salvadoran police and government to combat both. The IJ also emphasized that Gutierrez-Molina could take steps, such as removing his tattoos or changing his name, that would "make it very unlikely he would be harmed or mistreated in any way." App. 64. On this basis, he concluded that "what is likely to happen if the alien is removed is nothing." *Id.* at 65.

The IJ also found that, even if Gutierrez-Molina were targeted or harmed in any way by gangs, that would not constitute torture because the government would not acquiesce to it. If anyone threatened Gutierrez-Molina, he could file a complaint with the

3

police, who would "investigate, arrest, and potentially prosecute anyone that would try to do harm" to him. *Id.* The IJ thus concluded there was insufficient evidence showing it is more likely than not that Gutierrez-Molina would be tortured if returned to El Salvador.

C. The Board affirms

The Board of Immigration Appeals reviewed for clear error the IJ's factual finding that "nothing" would likely happen to Gutierrez-Molina if removed to El Salvador. Finding none, it affirmed.

II.     Standard of Review

The Board exercised jurisdiction under 8 C.F.R. §§ 1003.1(b)(3) and 1240.15, which grant it appellate jurisdiction over the decisions of immigration judges in removal proceedings. We have jurisdiction under 8 U.S.C. § 1252(a)(1).

But the scope of our review is narrow. Where a petitioner has been convicted of a crime involving moral turpitude, we review the petition only to the extent it raises questions of law or constitutional claims. *See* 8 U.S.C. § 1252(a)(2)(C)–(D); *Kaplun v. Att'y Gen.*, 602 F.3d 260, 265 (3d Cir. 2010). Those claims we review *de novo*. *Myrie v. Att'y Gen.*, 855 F.3d 509, 515 (3d Cir. 2017). Where the BIA affirms and partially reiterates the IJ's discussions and determinations, we review both decisions. *Id.*

III.    Discussion

An applicant for CAT deferral bears the burden of showing "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2); *Kamara v. Att'y Gen.*, 420 F.3d 202, 212–13 (3d Cir. 2005). He must show both that he would likely suffer harm if returned and that the harm would

4

amount to the legal definition of torture. This leaves the IJ to determine "(1) what is likely to happen to the petitioner if removed; and (2) does what is likely to happen amount to the legal definition of torture?" *Myrie*, 855 F.3d at 516 (quoting *Kaplun*, 602 F.3d at 271).

The first inquiry involves only questions of fact, distinct from any legal inquiry. *Id.* The Board reviews the IJ's findings here for clear error. The second issue is a mixed question of fact and law, and so the Board reviews it *de novo. Id.*

Because Gutierrez-Molina does not dispute that he is removable nor that he pled guilty to a crime involving moral turpitude, we lack jurisdiction to review factual challenges to the BIA or IJ's rulings. Under our precedent, "arguments such as that an Immigration Judge or the BIA incorrectly weighed evidence, failed to consider evidence or improperly weighed equitable factors are not questions of law under § 1252(a)(2)(D)." *Chiao Fang Ku v. Att'y Gen.*, 912 F.3d 133, 144 (3d Cir. 2019) (quoting *Jarbough v. Att'y Gen.*, 483 F.3d 184, 189 (3d Cir. 2007)). Thus we may not review the IJ's findings of fact that Gutierrez-Molina would likely not be harmed or the BIA's determination that there was no clear error.

Gutierrez-Molina's only legal contention is that the Board failed to engage in the *Myrie* two-step inquiry. But this clearly fails. The Board reviewed the IJ's findings of fact under a clearly erroneous standard of review, as is required, and "discern[ed] no clear error." App. 7. Gutierrez-Molina bears the burden to show both that he is likely to be harmed and that the harm amounts to the legal definition of torture. As he did not meet the factual burden needed, the second step of *Myrie* need not be reached.

5

Thus we must deny the petition for review.